IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLIE J. YOHANNES, | : | |
| Plaintiff, | : | Case No. 3:09cv107 |
| vs. | : | JUDGE WALTER HERBERT RICE |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #10); PLAINTIFF'S OBJECTIONS IN PART (DOC. #11) TO SAID JUDICIAL FILING SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION OF NON-DISABILITY, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR THE PAYMENT OF BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On January 12, 2010, the United States Magistrate Judge filed a Report and Recommendations (Doc. #10), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated, that no finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security

Act, and that the captioned cause be remanded to the Defendant Commissioner and the Administrative Law Judge, pursuant to Sentence Four of 42 U.S.C. Section 405(g), for further consideration consistent with the Report and Recommendations. Based upon reasoning and citations of authority set forth in a portion of the Magistrate Judge's Report and Recommendations (Doc. #10, pages 1-13) and in the Plaintiff's Objections in part (Doc. #11) to said judicial filing, as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #4), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in part and rejects same in part and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that, while the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, the Magistrate Judge's recommendation of a remand for further administrative proceedings, rather than one for the payment of benefits, must be rejected. The captioned cause, accordingly, is remanded to the Defendant Commissioner, for the payment of benefits, consistent with the Social Security Act. The Plaintiff's Objections in part (Doc. #11) to said judicial filing, to the extent that she seeks a remand for the payment of benefits, rather than one for further administrative proceedings, is sustained. Accordingly, the decision of the Defendant Commissioner

that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is reversed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a <u>de novo</u> review of those recommendations of the report to which objection is made. This <u>de novo</u> review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." <u>Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983); <u>Gibson v. Secretary of Health, Education and Welfare</u>, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), citing <u>Consolidated Edison Company v. NLRB</u>, 305 U.S. 197, 229 (1938); <u>Landsaw v. Secretary of Health and Human Services</u>, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, <u>supra</u>, at 401; <u>Ellis v. Schweicker</u>, 739 F.2d 245, 248 (6th

Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury.  Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th

Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court agrees with the Magistrate Judge that the Commissioner's decision finding Plaintiff to be not disabled, within the meaning of the Social Security Act, was not supported by substantial evidence. However, rather than a remand for further administrative proceedings, as recommended by the Magistrate Judge, this Court concludes that a remand for the payment of benefits is warranted.

2. The Administrative Law Judge appears to have completely accepted the credibility of the Plaintiff, to the effect that, on a bad day, which she experiences some 15 to 20 times a month, she must use the restroom on an every 20 minute basis. Moreover, the conclusions of the Plaintiff's two treating urologists, Drs. Hasford and Gilleran, setting forth their diagnoses and the fact that Plaintiff needed to be allowed to go to the bathroom frequently, as necessary due to chronic bladder problems, are not controverted. Moreover, the Vocational Expert indicated that, were this to be true, it would "be an issue, and ultimately termination would occur." In short, based on testimony that the Administrative Law Judge has

found credible, and the uncontradicted opinions of the treating physicians, there are no jobs available.

3. Rather than a remand, because the evidence of disability is not overwhelming, herein, all essential factual issues have been resolved and the record adequately establishes Plaintiff's entitlement to benefits. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994). Accordingly, a remand for the payment of benefits is in order.

WHEREFORE, based upon the aforesaid, this Court adopts in part and rejects in part the Report and Recommendations of the United States Magistrate Judge (Doc. #10), having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, but that a remand for further administrative proceedings is not needed. Plaintiff's Objections to said judicial filing (Doc. #11), to the extent she seeks a remand for the payment of benefits, rather than one for further administrative proceedings, are sustained. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff is not disabled and, accordingly, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner for the payment of benefits consistent with the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 5, 2010                                 /s/ Walter Herbert Rice
                                             WALTER HERBERT RICE, JUDGE
                                             UNITED STATES DISTRICT COURT

Copies to:

Carla J. Lauer, Esq.
John J. Stark, Esq.
Henry S. Kramzyk, Esq.